

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-10-2009

# Harper v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2347

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Harper v. Beard" (2009). *2009 Decisions.* Paper 1210.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1210

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-189                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2347
_____

ANTHONY HARPER,
Appellant

v.

JEFFREY BEARD, PH.D. In His Capacity as Secretary of the
Department of Corrections; SHARON BURKS, Individually in her
capacity as Chief Grievance Officer; DAVID DIGUGLIEMO,
Individually as in His Capacity as Superintendent of Graterford Prison;
THOMAS STACHELEK, in his capacity as Deputy Superintendent; K. ULISNY,
Individually in Her Capacity as an Employee of Graterford Prison; MATELLO,
Guard, Individually in His Capacity as Correctional Officer at Graterford Prison;
THOMAS J. BUZZAR, Major of the Guard, Individually in His Capacity as Head of
Security at Graterford Prison; WENDY MOYER, Grievance Officer, in her
Capacity as an Employee at Graterford Prison; JOHN DOE, In His or Her
Capacity Individually as an Employee at Graterford Prison, et al;
MICHAEL SPENCER, Business Manager, An Employee of Graterford Prison;
J. MURPHY, Unit Manager, In His Capacity; DISTRICT COURT CLERK'S
OFFICE OF EASTERN DISTRICT COURT, et al.; DOCTOR MOYER

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 05-cv-01803)
District Judge: Honorable Legrome D. Davis

_____

Submitted for Possible Dismissal for Possible Dismissal Due to a Jurisdictional
Defect or Pursuant to 28 U.S.C. § 1915(e)(2)(B) or for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 20, 2009

Before: BARRY, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

---

OPINION

---

PER CURIAM

Appellant Anthony Harper, proceeding pro se, appeals from the District Court's orders entering summary judgment in favor of Appellees. For the reasons that follow, we will summarily affirm the judgment of the District Court.

On May 23, 2005, Appellant filed a complaint in the United States District Court for the Eastern District of Pennsylvania, naming as defendants Jeffrey Beard, Secretary of the Pennsylvania Department of Corrections ("DOC"), various officials and corrections officers employed at SCI-Graterford, and the Office of the Clerk for the United States District Court for the Eastern District of Pennsylvania. He alleged that the mail handling practices and procedures for both incoming and outgoing mail at SCI-Graterford, where he was incarcerated, violated his rights under the First, Fifth and Fourteenth Amendments of the U.S. Constitution.

Appellant's mail handling claims are concerned primarily with events occurring on or around October 20, 2004, on which date he alleged that he had a package of legal mail which was too large to fit in the mailbox provided by the prison. He attempted to hand the mail directly to the mail room supervisor, who refused to accept it and instead told Appellant to put it in an unsecured mail bag provided by the prison for mail which is too

2

large to fit in the mailbox. Appellant maintained that this refusal resulted in a delay in the delivery of his legal mail. Appellant also complained that legal mail sent to him was opened by prison officials outside of his presence. Finally, he claimed that he was denied access to the courts based on the failure of the Clerk's Office to provide him with a complete copy of the order denying his petition for a writ of habeas corpus. Because he did not have the final two pages of the order, his numerous attempts to file a petition for a writ of certiorari with the U.S. Supreme Court were rejected.

Following a period of discovery, the Corrections Defendants moved for summary judgment, which the District Court granted. In addressing Harper's complaints regarding the handling of his outgoing mail, the Court noted that there was no evidence in the record indicating that any of his legal mail was not received by its intended recipient, much less any evidence that any of the Corrections Defendants in any way interfered with the delivery of his mail. With respect to Harper's specific complaint that neither the incoming mail inspector nor the unit manager would personally accept his oversized legal mail package on October 20, 2004, the Court flatly rejected the notion that this resulted in a denial of his access to the courts, as Harper failed to follow the established protocol for sending outgoing mail – either by placing it in the outgoing mailbox or mailbag or handing it to the officer as he emptied the mailbox, as Harper had done many times in the past. The Court thoroughly reviewed the prison's policy for collecting and processing outgoing mail and concluded that there was no evidence to indicate that it had resulted in

3

he denial of Harper's First Amendment right of access to the courts. With respect to Harper's challenge to the prison's policy of opening and inspecting legal mail before delivering it to inmates, the Court held that, while the policy did impinge on inmates' First Amendment rights as we explained in Jones v. Brown, 461 F.3d 353, 359 (3d Cir. 2006), it was nonetheless constitutional under Turner v. Safley, 482 U.S. 78, 89 (1987).

In a separate opinion and order, the District Court entered summary judgment in favor of the Office of the Clerk for the United States District Court for the Eastern District of Pennsylvania. Construing Appellant's complaint as raising his claim pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the District Court held that Appellant failed to establish any "actual injury" attributable to his inability to obtain a complete copy of the District Court's order. Moreover, Harper could not maintain a Bivens action for damages against the Clerk's Office, which is a governmental entity and not an individual government agent. See FDIC v. Meyer, 510 U.S. 471, 485-86 (1994).

Harper appealed from both of these orders. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. After the District Court entered summary judgment in favor of the Corrections Defendants, a district judge in the Western District of Pennsylvania issued an opinion holding that the DOC's mail handling procedures for inmates' incoming legal mail were unconstitutional. See Fontroy v. Beard, 485 F. Supp. 2d 592 (E.D. Pa. 2007). Both parties appealed. See C.A. Nos. 07-2446 & 07-2514. We

4

stayed the instant appeal pending the outcome of the appeal in <u>Fontroy</u>.  On March 10, 2009, we issued a precedential opinion in <u>Fontroy</u>, reversing the judgment of the District Court and holding that the mail handling procedures promulgated by the DOC did not violate the First Amendment.  <u>See</u> 559 F.3d 173 (3d Cir. 2009).  We then lifted the stay in the instant appeal and asked the parties to address the impact of <u>Fontroy</u> on their appeal.

Having received responses from all of the parties to this appeal,  we conclude that this appeal presents no "substantial question," and will summarily affirm the judgment of the District Court for all of the reasons given in its thorough opinions and in our opinion in <u>Fontroy v. Beard</u>.  <u>See</u> 3d Cir. LAR 27.4 & I.O.P. 10.6.  Appellant's motion for the appointment of counsel is denied.